**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| **IN RE:** ) | |
| ) | **Chapter 7** |
| **SHIRLEY ANN SWAIN** ) | |
| ) | **Case No. 16-70898** |
| **Debtor.** ) | |

## MEMORANDUM OPINION

This matter comes before this Court on a Motion to Reopen Debtor's Chapter 7 Case filed by a creditor in this case, Michael D.J. Eisenberg ("Eisenberg") (ECF Doc. No. 29, the "Motion").  Shirley Ann Swain (the "Debtor"), appearing *pro se*, filed a response opposing the Motion and the matter was scheduled for hearing on April 16, 2018 at 2:00 p.m. in Roanoke.  At the hearing, both the Debtor and Eisenberg appeared and testified.  The matter was taken under advisement and Eisenberg was given until May 21, 2018 to file a memorandum in support of his Motion, which deadline was later extended to May 31, 2018.  Eisenberg timely filed his memorandum and the Debtor filed two additional responses to the Motion on June 4, 2018 and June 18, 2018.  The matter is now ripe for decision.

## FACTS

The Debtor, represented by counsel at the time, commenced this case by filing a voluntary Chapter 7 petition in this Court on July 5, 2016.  (ECF Doc. No. 1).  The Debtor paid her filing fee and filed a creditor matrix along with her petition.  A Notice of Chapter 7 Bankruptcy Case (the "Notice") was issued on July 5, 2016 and served on all parties on the mailing matrix informing interested parties of the bankruptcy filing, the date of the 341 meeting of creditors and certain other deadlines. (ECF Doc. Nos. 5 and 7).  Given that the Debtor's case was a "No Asset" case, the Notice did not set a deadline for filing proofs of claim. It contained

the following language: "Please do not file a proof of claim unless you receive a notice to do so." (*See* Notice #10).[1] The Notice disclosed the deadline for filing objections to discharge or dischargeability of certain debts as September 26, 2016. (*See* Notice #9). Eisenberg was not listed on the creditor matrix.

Following the Section 341 meeting of creditors held on July 28, 2016, the chapter 7 Trustee ("Trustee") filed a Trustee's Report of No Distribution (ECF Doc. No. 22) on July 31, 2016 and the Debtor received her chapter 7 discharge by order entered on October 6, 2016 (ECF Doc. No. 26). The case was closed on the same date.

With his Motion, Eisenberg attached an Order Granting Plaintiff's Motion for Summary Judgment entered September 22, 2015 (the "D.C. Order"), which contains findings and conclusions by the Superior Court for the District of Columbia, Civil Division. (ECF Doc. No. 29-1). The D.C. Order reflects that the Debtor retained Eisenberg in 2011 to represent her in connection with a pending action before the Equal Employment Opportunity Commission regarding her employment with the Department of Veterans Affairs. *Id.* In providing legal services pursuant to their contract, Eisenberg, among other things, conducted settlement negotiations on behalf of the Debtor. As a result, the Debtor's EEOC action was resolved favorably with a confidential settlement, and the Debtor was supposed to receive an award of non-compensatory damages in an undisclosed amount. According to the D.C. Order, Eisenberg was supposed to receive $7,000.00 of the Debtor's settlement proceeds, plus an additional $800.00 from a partially paid retainer, and the Debtor acknowledged that the full settlement

---

[1] Rule 2002(e) of the Federal Rules of Bankruptcy Procedure provides in relevant part as follows: "In a chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement . . . that it is unnecessary to file claims . . . ." (hereafter referred to as a "Rule 2002(e) Notice"). Rule 3002(c)(5) of the Federal Rules of Bankruptcy Procedure provides in relevant part as follows: "If [a Rule 2002(e) Notice] . . . was given to creditors . . . , and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall give at least 90 days' notice by mail to creditors of that fact and of the date by which proofs of claims must be filed."

2

proceeds were sent to her and she deposited them into her bank account.  The reason the settlement funds were sent to the Debtor and not to Eisenberg is unclear.  The Debtor failed to pay Eisenberg the amount due, and he instituted suit against her on theories of breach of contract and *quantum meruit* in the D.C. Superior Court.  The D.C. Order granted summary judgment in favor of Eisenberg in that action, and it awarded him a judgment against the Debtor in the sum of $7,800.00.  There were no allegations or findings of fraud, conversion or other willful and malicious tortious conduct in the D.C. Superior Court action.

Based on the judgment contained in the D.C. Order, Eisenberg obtained a Writ of Attachment of Wages against the Debtor on April 8, 2016 and garnished her wages.  Eisenberg began receiving payments from the Debtor's employer beginning with the September 2016 pay check and after being notified, for the first time, of the Debtor's bankruptcy case and discharge, he filed a Motion to Extinguish the Garnishment, which was stopped on November 10, 2016.  The Schedules do not list the garnishment in the Debtor's Statement of Financial Affairs and no motion to quash the garnishment was filed in this case.  Instead, the Debtor listed Eisenberg's claim in the matrix as owed to "Accounts Receivable" with an address 5517 Hansel Ave., Orlando, FL 32809-3403.  This was apparently a collections agency Eisenberg had used to assist in collecting the judgment.

The Debtor asserts that Eisenberg was given sufficient notice by being listed through his agent, the collection agency in her original mailing matrix and Schedules that pursued collection of this debt.  The Debtor argues that the collection agency is an agent of Eisenberg and therefore the debt was discharged, and the case should remain closed.  Eisenberg argues that such notice is insufficient because the collection agency was no longer employed by him at the time of this bankruptcy, and that he was a known creditor of the Debtor, especially since the Debtor had

3

listed him in a previous Chapter 13 case that was subsequently dismissed.  *See* Bankruptcy Case No. 13-71271, W.D. Va.  Eisenberg argues that the failure to inform him or list him in her Schedules is cause to reopen this bankruptcy case and to permit him to litigate the non-dischargeability of the debt owed to him.

## **CONCLUSIONS OF LAW**

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.  The Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

A motion to reopen under Bankruptcy Code section 350(b) allows the Bankruptcy Court to reopen a case "to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b).  "[A] court should not reopen a case 'where it appears that to do so would be futile and a waste of judicial resources.'" *In re Rollison*, 579 B.R. 67, 70–71 (Bankr. W.D. Va. 2018) (citing *In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995)).

In this case, the Debtor received a discharge pursuant to Section 727(b) of the Bankruptcy Code.  "The purpose of a discharge in bankruptcy is to 'give[ ] the debtor a "fresh start" by releasing him, her, or it from further liability for old debts.'" *Bremus v. AMR Corp.,* 527 B.R. 221, 225 (E.D. Va. 2014), *aff'd*, 604 F. App'x 324 (4th Cir. 2015) (quoting *Cent. Va. Cmty. Coll. v. Katz,* 546 U.S. 356, 364, 126 S.Ct. 990 (2006)). The debtor is relieved from "personal liability for all pre-petition debts but those excepted under the Bankruptcy Code." *Bremus,* 527 B.R. at 225 (quoting *In re Rosenfeld,* 23 F.3d 833, 836 (4th Cir.1994)). Section 727(b) provides in relevant part: "Except as provided in section 523 of this title, a discharge under subsection (a)

4

of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter. . . . " In general terms, Section 523 excepts certain prepetition debt from being discharged under section 727. Section 523(a) in pertinent part provides:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt- . . .
>     (3) neither listed nor scheduled . . . in time to permit-
>         (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>         (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

11 U.S.C. § 523(a). In order for a creditor to protect its claim post-bankruptcy, under section 523(c) and Rule 4007(c), a creditor must file an adversary proceeding within 60 days after the 341 meeting in order to assert nondischargeability of its debt. "[W]hile not jurisdictional, [the time limit] 'is analogous to a statute of limitations' and 'is not easily avoided.'" *In re Ghanei,* No. 03-14557-SSM, 2004 WL 3464153, at *2 (Bankr. E.D. Va. Oct. 25, 2004) (citing *Mann v. CCR Fin. Planning, Ltd. (In re McKoy),* 211 B.R. 843, 846 (E.D. Va. 1997)). Here, there is no question that Eisenberg was a known creditor with no actual notice of the case, and he was not given notice of the case in time to file a non-dischargeability action. Notwithstanding the D.C. Order, the Debtor adamantly objects to Eisenberg's entitlement to the fees he claims. She has no persuasive explanation for why he was not listed as a creditor in this case. [2]

---

[2] The Debtor argues that the notice provided is sufficient and could be imputed to Eisenberg because the collection agency acted as an agent of Eisenberg and therefore listing the collection agency put him on constructive or inquiry notice. After reviewing the totality of the circumstances, the Court finds that the Debtor did not provide reasonable notice to Eisenberg by listing a collection agency used by Eisenberg well before filing the bankruptcy petition in light of an active garnishment by Eisenberg, whose name and contact information were known to the Debtor. Further at least one court has held that "serving a collection agency is not sufficient notice and not sufficient to impute it on a creditor." *In re Smith*, 217 B.R. 567, 568 (Bankr. E.D. Ark. 1998).

The issues before the Court are what effects, if any, do the failure to list Eisenberg as a creditor in this case have on his ability to reopen this case and maintain an action objecting to the discharge of the debt owed to him by the Debtor. Eisenberg asserts that he meets the "cause" requirement under § 350(b) because not receiving notice of the bankruptcy case constitutes "compelling circumstances." *In re Mutts*, 131 B.R. 306, 307 (Bankr. E.D. Va. 1991). He seeks to reopen the case and contest the dischargeability of his debt under sections 523(a)(2), (4), or (6).

As the Court in *Rollison* stated just this year, "[f]ailure to schedule debts in a no-asset chapter 7 case does not result in a determination that those debts are nondischargeable." *Rollison*, 579 B.R. at 72. The Court held that reopening a no-asset Chapter 7 case upon the request of the Debtor to add creditors post-discharge would be "futile and a waste of judicial resources" *Id.* at 75. In essence "a debt which was not scheduled in a chapter 7 no-asset case is subject to the discharge order unless it is a debt of the kind specified in section 523 (a)(2), (4), or (6)." *Id.* at 72 (citing *In re Brown*, No. 04-00291, 2010 WL 7275603, at *1 (Bankr. W.D. Va. Nov. 12, 2010)).

In this case, it is clear from the record that the Debtor did not list or schedule Eisenberg in her Chapter 7 list of creditors under section 521(a)(1)(A) or as a garnishee in her statement of financial affairs pursuant to section 521(a)(1)(B)(iii) even though her petition was filed less than three months after the garnishment was issued. Eisenberg was well known to the debtor, especially given the garnishment order and her previous Chapter 13 filing in which she specifically listed Eisenberg by name. Apart from listing "Accounts Receivable" collection agency, there is no evidence that the Debtor attempted to provide any other notice to Eisenberg. The only notice provided to Eisenberg in connection with this case was a letter from the Debtor's

counsel - mailed after the Debtor obtained her discharge - dated October 17, 2016 asking him to dismiss the pending garnishment.  (ECF Doc. No. 46, page 5). Why no action was taken to quash the garnishment before that time is unexplained. It is clear, however, that the Debtor and her counsel knew how and where to notify Eisenberg.

As Chief Judge Connelly stated in *Rollison*,

> Failure to schedule debts in a no-asset chapter 7 case does not result in a determination that those debts are nondischargeable. Instead, the impact of failure to timely disclose debts is that the debtor forfeits two benefits otherwise available to him: (i) the 60–day limitations period to file a complaint to determine dischargeability of a debt under Federal Rule of Bankruptcy Procedure 4007(c) and (ii) exclusive federal jurisdiction of dischargeability determinations pursuant to section 523 (a)(2), (4), or (6). *See In re Keenom*, 231 B.R. 116, 126–27 (Bankr. M.D. Ga. 1999) ("The statutory scheme provides that a state court can decide whether the creditor has a colorable or viable claim that the debt is of a kind specified in sections 523(a)(2), (4), or (6) without intruding on the exclusive jurisdiction of the bankruptcy courts to determine if it actually is such a debt. And if the state court finds [he] does have a colorable claim under sections 523(a)(2), (4), or (6) and was deprived of the opportunity to timely request a determination of dischargeability of the debt because he had no notice of the bankruptcy proceeding in time to do so, then such a state court has the authority to declare that the debt was not discharged in the bankruptcy proceeding and proceed to a judgment that the debtor remains personally liable for the debt."). In short, failure to timely schedule a debt in a no-asset chapter 7 case deprives a debtor of an expeditious determination of dischargeability of the unscheduled debt by the bankruptcy court.

*Rollison*, 579 B.R. at 72–73.

The Debtor failed to give notice to Eisenberg of his right to determine the dischargeability of his claim, and Eisenberg can ask the District of Columbia Superior Court to determine the dischargeability of this debt.  Indeed, that court is already familiar with this action and Eisenberg's allegations against the Debtor.  There is no need to start afresh in this Court.  Because the District of Columbia Superior Court can determine this action without intruding on the exclusive jurisdiction of the Bankruptcy Court, the Court does not find that sufficient grounds exist to reopen this case under Section 350(b).

## **CONCLUSION**

For the reasons set forth above, Eisenberg's motion to reopen is denied. Nothing contained herein shall prevent Eisenberg from proceeding in the District of Columbia Superior Court to seek a determination of the dischargeability of the Debtor's obligation to him.

A separate Order will be entered contemporaneously herewith.

Decided this 5th day of July, 2018.

_/s/ Paul M. Black_____
UNITED STATES BANKRUPTCY JUDGE